| 01 | |
|---|---|
| 02 | |
| 03 | |
| 04 | |
| 05 | |
| 06 | UNITED STATES DISTRICT COURT |
| | WESTERN DISTRICT OF WASHINGTON |
| 07 | AT SEATTLE |

| 08 | SALLY JO JOHNSON, | ) | |
| | | ) | CASE NO. C10-1469-TSZ |
| 09 | Plaintiff, | ) | |
| | | ) | |
| 10 | v. | ) | |
| | | ) | REPORT AND RECOMMENDATION |
| 11 | MICHAEL J. ASTRUE, Commissioner | ) | RE: SOCIAL SECURITY DISABILITY |
| | of Social Security, | ) | APPEAL |
| 12 | | ) | |
| | Defendant. | ) | |
| 13 | _____ | ) | |

Plaintiff Sally Jo Johnson proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1963.[1] She attended school through the seventh grade, obtained a vocational degree in travel tourism, and has a GED. (AR 24, 44.) Her past relevant work was as a cleaner/housekeeper. (AR 30, 46.)

Plaintiff filed an application for SSI on April 25, 2007, alleging disability beginning June 1, 1981.[2] Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On January 25, 2010, ALJ Ruperta M. Alexis held a hearing, taking testimony from plaintiff and a vocational expert. (AR 40-82.) On February 10, 2010, the ALJ issued a decision, finding plaintiff not disabled. (AR 20-31.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on August 23, 2010, (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

[2] A previous claim was denied and is administratively final. (AR 20.)

not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's bipolar disorder, attention deficit disorder, and low back pain severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to lift and/or carry twenty pounds occasionally and ten pounds frequently, able to stand and/or walk six hours in an eight hour workday with normal breaks, and able to sit six hours in an eight hour workday with normal breaks, climb ramps and stairs occasionally, stoop and crouch occasionally, balance, kneel and crawl frequently, one third to two thirds of an eight hour workday, and finger less than constantly with the left non-dominant hand. No visual or communicative limitations were imposed. Plaintiff should avoid concentrated exposure to extreme cold and vibration. She was able to understand, remember, and repeat simple tasks throughout the course of a normal workday, which involve no more than occasional interaction with co-workers and the general public. She could understand, remember and accept instructions from supervisors. With that assessment, the ALJ found plaintiff unable to perform her past relevant work as a cleaner/housekeeper as performed at the medium exertional level.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the

assistance of a vocational expert, the ALJ found plaintiff capable of performing her past relevant work as a cleaner/housekeeper as performed in the national economy.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erred in the evaluation of her mental impairments at steps two and three and failed to properly consider the opinion of consulting physician Dr. Heilbrunn as to her physical limitations. As a result, plaintiff argues, the ALJ's credibility assessment and RFC assessment are erroneous. Plaintiff also submits that the ALJ erred in finding that she is capable of returning to her past relevant work as generally performed in the national economy. She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and free of legal error, and should be affirmed.

### Step Two Severe Impairments

At step two of the sequential evaluation process, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§

404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b).

A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show that her medically determinable impairments are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id.*

Plaintiff argues that the ALJ erred by failing to consider her diagnosed anxiety disorder at step two, overlooking certain relevant medical records and opinions from Dr. Anselm Parlatore, Dr. Douglas Uhl, and Kristine Harrison, Psy.D. Further, plaintiff argues that the ALJ made conflicting findings as to whether her Attention-Deficit/Hyperactivity Disorder (ADD/ADHD) is a step two severe impairment.

In response, the Commissioner notes that the ALJ acknowledged and discussed plaintiff's PTSD and anxiety disorder. The Commissioner argues that the discussion of the evidence in the ALJ's decision shows that the above-referenced medical opinions were considered. The Commissioner disputes the contention that the ALJ made contradictory findings about the severity of plaintiff's ADD/ADHD, arguing that it was logically consistent for the ALJ to find her bipolar disorder and ADD severe at step two (AR 22), but to later

01 conclude that the ADD/ADHD did not rise "to the level of constituting a severe mental
02 impairment", noting that the impairment was no more than mild when plaintiff was medicated,
03 and did not account for any limitations beyond those stemming from her bipolar disorder. (AR
04 26.) Further, the Commissioner argues, any error was rendered harmless by the assessment of
05 appropriate conditions by the ALJ at step four.

06       The Court finds it necessary to remand this case to allow the ALJ to clarify the step two
07 findings regarding plaintiff's mental impairments. Notwithstanding the Commissioner's
08 defense of the logic and legal sufficiency of the ALJ's step two findings, the record suggests
09 that a scrivener's error may have led to the identification of plaintiff's ADD as a severe
10 impairment in one portion of the decision (AR 22), with a seemingly contrary finding later in
11 the decision (AR 26). Otherwise, the omission of plaintiff's anxiety disorder as an identified
12 severe impairment at step two would be puzzling, given the ALJ's discussion of plaintiff's
13 mental impairments, including her anxiety disorder, followed with the ALJ's finding that "the
14 above listed impairments are both medically determinable and cause more than minimal
15 limitations." (AR 26.)

16       The Court is not convinced that the ALJ's reference to "mental impairment" in the
17 singular must be given the interpretation urged by plaintiff, who contends that the ALJ similarly
18 erred in failing to consider either her anxiety disorder or ADD at step three of the sequential
19 evaluation process (AR 26). However, it is not clear from the decision which mental
20 impairments were considered at step three, as the ALJ references "impairment" in both the
21 singular and plural form. (AR 26 ("I find that the [plaintiff's] mental <u>impairment</u> does not meet
22 any listing in 12.00, *Mental Impairments*[,]"); emphasis added); AR 27 ("Despite her mental

<u>impairments</u>, the [plaintiff] retains the mental capacity to understand, remember and repeat simple tasks[.]"); emphasis added). On remand, the ALJ should also clarify which mental impairments have been considered as meeting or medically equaling a listed impairment, singly and in combination, and should conduct a legally sufficient analysis of those impairments utilizing the four functional "B" criteria. 20 C.F.R. § 416.920a(c).

Medical Opinions

Plaintiff argues that the ALJ erred in rejecting Dr. Parlatore's assessment of her mental limitations. Plaintiff disputes the validity of the ALJ's conclusion that Dr. Parlataore's psychiatric evaluation was not supported by objective evidence, and asserts that Dr. Parlatore's handwritten comments contradict the ALJ's finding that the doctor's report was in the form of a "check box" report unaccompanied by reasons for the conclusions. The Commissioner argues that the ALJ gave specific and legitimate reasons for rejecting Dr. Parlatore's opinions, citing Dr. Sandvik's contrary opinion regarding a volitional aspect to plaintiff's difficulties with concentration, and the lack of sufficient explanation by Dr. Parlatore for his opinions.

The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). The ALJ need not accept the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Thomas*, 278 F.3d at 957. Furthermore, it is reasonable to discount a physician's prescribed limitations if they are based on the claimant's less than credible subjective characterization of her symptoms. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228 (9th Cir. 2009).

///

Discussing Dr. Parlatore's opinions, the ALJ found:

> I note that Anselm A. Parlatore, M.D. filled out a Written Interrogatory check form provided by the [plaintiff's] representative circling symptoms addressed in the "A" criteria and checking boxes indicating marked limitations in the "B" criteria. I do not find that this opinion is consistent with the record, as detailed above. Moreover, it is well settled law that check-off reports that do not contain explanation of the reasons for their conclusions may permissibly be discounted. There is no accompanying report explaining the circles and check boxes Dr. Parlatore submitted and his earlier DSHS check off form does not expound such conclusions either. Further, there appears to be no treatment or examining notes by Dr. Parlatore from which such draconian limitations could be predicated. Therefore, the undersigned finds that Dr. Parlatore's assessment of the [plaintiff's] symptoms and functionality expressed in this conclusory form shall be given little weight.

(AR 27; citations omitted.)

The ALJ correctly noted that the written interrogatories signed by Dr. Parlatore on December 4, 2009 and January 7, 2010 consisted of circles and check boxes unsupported by an accompanying report. The only handwritten portion of the answers, other than the doctor's signature, consists of the notation "psychiatric examination of 01/02/07" (AR 690 (referring to AR 405-10)), which the ALJ likewise did not find to be persuasive support for the conclusions. While acknowledging plaintiff's report of difficulties with concentration, the ALJ cited the opinion of Dr. Sandvik that there appeared to be a volitional aspect to her difficulties in this area as a basis for discounting the limitations assessed by Dr. Parlatore. (AR 27.) The ALJ is responsible for resolving conflicts in the medical record. *Carmickle v. Comm'r of SSA,* 553 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart,* 331 F.3d 1020, 1040 (9th Cir. 2003)). The Court does not find error in the ALJ's assessment of Dr. Parlatore's opinions.

<u>Plaintiff's Physical Impairments</u>

REPORT AND RECOMMENDATION
PAGE -8

01   The ALJ found plaintiff's low back pain severe at step two. (AR 22.)  At step four,
02 assessing the degree of plaintiff's physical capacity, the ALJ considered the opinion of
03 consulting evaluator Dr. Heilbrunn, who conducted an examination of plaintiff in October
04 2007. (AR 560-564; s*ee also* AR 323-27.)  Plaintiff argues that the ALJ erred in failing to
05 also consider the presence of degenerative joint disease in plaintiff's neck, hips and hands as
06 severe impairments adversely affecting her physical abilities.   In particular, plaintiff notes Dr.
07 Heilbrunn's opinion that she was able to "lift, but not carry, as measured in the examination, 10
08 lbs. with either hand on a frequent basis." (AR 564.) The Commissioner defends the
09 reasonableness of the ALJ's rejection of this portion of Dr. Heilbrunn's opinion, which
10 appeared to be based on plaintiff's non-credible self-reports rather than specific physical
11 testing.  Plaintiff disputes the inference that Dr. Heilbrunn's opinion was based solely on her
12 subjective reports, noting the measurement of her grip strength as 5/5 bilaterally elsewhere in
13 the report. (AR 563.)   The Court, however, agrees with the Commissioner.

14   The ALJ accepted the opinion of Dr. Heilbrunn as to plaintiff's physical capacities, with
15 the exception of his opinion that she could frequently lift but not carry 10 pounds with either
16 hand.  The ALJ found the other portions of Dr. Heilbrunn's opinion to be consistent with the
17 record, but found no record of any treatment for wrist or hand complaints since plaintiff applied
18 for disability.  This Court does not find error in the ALJ's observation that the doctor's report
19 does not specifically refer to testing of the plaintiff's ability to lift or carry.  Plaintiff's
20 argument that the doctor reported the results of her grip strength as 5/5 bilaterally is not
21 persuasive, as this finding has no apparent relevance as to plaintiff's ability to lift 10 pounds yet
22 not carry that weight.  There is no indication from Dr. Heilbrunn's report that he even

considered the grip strength measurement to be deficient or anything other than normal, as the doctor also commented on the lack of muscle atrophy at this state of the disability evaluation. (AR 563.)

The Court finds that the ALJ reasonably inferred that Dr. Heilbrunn relied on the plaintiff's subjective opinion in reaching a conclusion about her ability to lift and carry. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence.") Although the doctor indicated that the finding was "measured in the examination" (AR 564), that measurement was likely based on plaintiff's self-report of symptoms, as the evaluation indicates that plaintiff was instructed to not engage in any physical maneuvers "beyond what she could tolerate, or which she felt were beyond her limits or could cause physical harm or injury." (AR 562.) As the ALJ determined that plaintiff's description of her limitations was not entirely credible, it was reasonable for the ALJ to discount a work limitation based on plaintiff's subjective characterizations by the doctor. *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1228 (9th Cir. 2009).

<u>Credibility</u>

Plaintiff's argument that the ALJ erred in assessing her credibility (and, consequently, the effect of her symptoms on her RFC) is based on her contention that her severe impairments were not properly assessed at step two. As the Commissioner notes, plaintiff does not otherwise challenge the ALJ's assessment of her credibility. This Court agrees that the ALJ's clarification and possible reassessment of her impairments may implicate the ALJ's findings regarding plaintiff's credibility. Therefore, the ALJ should reassess this finding, if necessary,

on remand. Similarly, if the ALJ changes the assessment of the credibility of plaintiff's symptoms on remand, the RFC assessment may also require reevaluation.

### Step Five

If plaintiff has demonstrated that she has a severe impairment that prevents her from doing her past relevant work, she has made a prima facie showing of disability. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The burden then shifts to the Commissioner at step five to demonstrate that, in light of the claimant's RFC, age, education, and work experience, she can perform other types of work that exist in "significant numbers" in the national economy. *Id.*; 20 C.F.R. §§ 404.1520(f), 416.920(f). An ALJ can determine this issue by calling upon a vocational expert (VE) for assistance. *Tackett*, 180 F.3d at 1100. In such a scenario, the ALJ must provide the VE with an accurate and detailed description of the claimant's impairments, as reflected by the medical evidence of record. *Id.* at 1101. An ALJ may, however, exclude restrictions in a hypothetical question that are not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

In this case, the ALJ found that plaintiff was not able to perform her past relevant work of cleaner/housekeeper as she performed it at the medium exertional level. However, the ALJ found that plaintiff was able to perform that work, defined in the Dictionary of Occupational Titles (DOT) as light unskilled work, as performed in the national economy. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 n.6 (9th Cir. 1995) ("The DOT is 'the Secretary's primary source of reliable job information'. *Terry v. Sullivan,* 903 F.2d 1273, 1276 (9th Cir. 1990). One purpose of the DOT is to classify identified job titles by their exertional and skill requirements.")

01	  Plaintiff argues that the VE testimony was insufficient because the hypothetical failed to
02	fully and accurately describe her mental and exertional limitations.  In that regard, plaintiff
03	contends that, although the hypothetical assumed the capacity to occasionally lift objects up to
04	20 pounds and frequently lift objects up to 10 pounds, it failed to specify the amount of weight
05	plaintiff was capable of carrying.   Therefore, plaintiff concludes, the ALJ's RFC finding lacks
06	the support of substantial evidence.   Plaintiff also disputes the ALJ's assumption that plaintiff
07	can both lift and carry weights up to 20 pounds.   As previously discussed, however, the Court
08	finds no error in the ALJ's rejection of Dr. Heilbrunn's opinion limiting plaintiff to carrying 10
09	pounds.

10	  The Commissioner concedes that the hypothetical posed by the ALJ to the VE did not
11	specify a carrying ability.  (AR 73.)  He argues that the transcript of the administrative
12	hearing nonetheless demonstrates that the VE correctly assumed the hypothetical to encompass
13	the exertional demands of light work, plus some additional non-exertional restrictions.

14	  The Commissioner asserts that the carrying limitations found appropriate by the ALJ
15	were consistent with the requirements of light work.   This is not precisely correct.   While the
16	ALJ found plaintiff capable of lifting and carrying 20 pounds maximum, 10 pounds frequently
17	(AR 27), the regulations define "light work" as involving "lifting no more than 20 pounds at a
18	time with frequent lifting <u>or carrying of objects weighing up to 10 pounds</u>."  20 C.F.R. §
19	416.967(b) (emphasis supplied).   Therefore, the ALJ's RFC finding allowed plaintiff to carry
20	greater weight (20 pounds) than required for light work (10 pounds).   The VE testified that
21	plaintiff's past work as performed in the national economy and as described in the DOT was
22	light work.   (AR 72, 75-76.)   It could be said that the ALJ's omission of a carrying limitation

in the hypothetical was, at the most, harmless error, as the job identified by the VE was less rigorous than plaintiff's assessed functional capacity. *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in Social Security context where a "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.") On balance, however, because the Court finds it necessary to remand this case for consideration of other issues, the ALJ should also address the omission of a carrying limitation in the vocational hypothetical.

Plaintiff also challenges the ALJ's failure to include certain mental limitations in the vocational hypothetical. Specifically, plaintiff argues that a limitation in showing up at a client's house in a timely manner, a limitation in her ability to concentrate or persist at a task due to her ADD, and a limitation in performing tasks due to fatigue or crying from her depression should have been included. However, in light of the substantial evidence supporting the ALJ's credibility findings, the Court agrees with the Commissioner that the ALJ did not err in failing to adopt limitations based on that discounted credibility. *See Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ need not include in the RFC assessment properly discounted opinion evidence or claimant testimony) and *Thomas*, 278 F.3d at 956 (a hypothetical posed to a VE must include all of the claimant's functional limitations *supported by the record*) (citing *Flores v. Shalala*, 49 F.3d 562, 520-71 (9th Cir. 1995)).

## Remand

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harmen v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000.) Where no useful purpose would be served by further administrative proceedings,

or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 (noting "that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* Here, remand for further proceedings is appropriate to allow the ALJ to remedy the above mentioned errors. *Id.* at 1178.

## **CONCLUSION**

For the reasons set forth above, this matter should be remanded for further proceedings.

DATED this 29th day of July, 2011.

_____
Mary Alice Theiler
United States Magistrate Judge